CITY OF CHARLOTTE, A MUNICIPAL CORPORATION v. LILLIAN FREE-
MAN HUDSON AND HUSBAND, E. O. HUDSON, SR.; AND T. A.
FREEMAN AND WIFE, VIRGINIA S. FREEMAN

No. 7426SC722

(Filed 16 October 1974)

1. Eminent Domain § 7— instructions — omission of date of taking

In a condemnation proceeding, the trial court did not err in fail-
ing to state the date of taking in its instruction on determining market
value where the date of taking was stipulated and all witnesses gave
opinions as to value on such date.

2. Eminent Domain § 6— qualification of expert

In a city's action to condemn land for airport expansion, the
record shows that defendants' witness was qualified to give his opinion
as to the value of the condemned land and fails to show that such
opinion was based in part on sales of land to the city made under
threat of condemnation.

APPEAL by plaintiff from *Falls, Judge,* 29 April 1974 Ses-
sion of Superior Court held in MECKLENBUBG County. Heard in
the Court of Appeals on 19 September 1974.

This is a proceeding wherein the plaintiff, the City of
Charlotte, seeks to acquire by condemnation two parcels of land
(2.84 and 11.201 acres respectively) belonging to the defendants
to expand Douglas Municipal Airport. The case was tried in
the superior court on the single issue as to the amount of com-
pensation the defendants were entitled to receive for the land.
The jury fixed the amount of compensation for the 2.84 acre
parcel at $25,569.00 and the 11.201 acre parcel at $100,809.00.

From a judgment entered on the verdicts, the plaintiff
appealed.

*W. A. Watts for plaintiff appellant.*

*Thomas D. Windsor and Allen A. Bailey for defendant
appellees.*

City of Charlotte v. Hudson

HEDRICK, Judge.

[1]  By assignment of error number one the plaintiff contends the trial court erred when it "omitted the date of taking in its instruction on determining market value." We do not agree. When an entire parcel of land is to be taken by eminent domain, the proper measure of damages is the fair market value of the land at the time of the taking. G.S. 136-112(2). In the instant case, all parties entered into a stipulation that the date of taking was 17 November 1972 and all the evidence in the case indicates that there was no controversy as to the date of taking. Furthermore, all witnesses gave their opinions as to the value of the two parcels of land with respect to 17 November 1972. In our opinion, under the circumstances of this case, the trial court did not err when it failed to repeat the date of taking in its charge to the jury. Even assuming *arguendo* that it was error for the trial court not to repeat the date of taking in its charge, we do not perceive how the plaintiff could have been prejudiced thereby. "The burden is on appellant not only to show error, but that the alleged error was prejudicial and amounted to the denial of some substantial right." 1 Strong, N. C. Index 2d, Appeal and Error § 46, p. 190 (footnotes omitted). This assignment of error is not sustained.

By assignments of error two, three, four, five, and six, the plaintiff contends the court erred by making prejudicial comments, by expressing an opinion upon the weight of the evidence, by commenting on the evidence in a manner confusing to the jury, by stating that a witness was an expert when he was not tendered to the court as an expert and had not been properly qualified as an expert, and by failing to give equal stress to the plaintiff's contentions. Suffice it to say, we have carefully examined each exception upon which these assignments of error are based and find them to be without merit.

[2]  By assignment of error number seven, the plaintiff challenges the opinion testimony of the defendants' witness, Thompson, as to the value of the property in question. The plaintiff asserts that this witness' testimony was incompetent because his opinion was based in part on sales of land to the city made under threat of condemnation. Before the witness was allowed to give his opinion as to the value of the land, the court, in the absence of the jury, conducted an extensive *voir dire* with respect to the basis of the witness' opinion as to values. The witness described many sales of land in the vicinity of the airport about

the time of the taking and, on *voir dire,* told of three sales to the city. There is nothing in this record to indicate that the sales to the city were made under threat of condemnation. Moreover, it is clear from the record that the witness was thoroughly familiar with the land in question and with the value of comparable property in the vicinity at the time of the taking and that he was qualified in all respects to give his opinion as to the value of the subject property. This assignment of error is not sustained.

The plaintiff has additional assignments of error which we have carefully considered and find to be without merit.

In the trial in the superior court we find

No error.

Judges BRITT and BALEY concur.